UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERREZ M. YOUNG, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:24-cv-00203-SEP |
| GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs, Docs. [2], [3].  For the reasons set forth below, the motions are denied.

"According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit." *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)).  The Court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. *Id.*  First, the Court must determine whether the applicant qualifies by economic status; second, the Court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.*

"The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo. Apr. 20, 2005) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)).  "In considering a request to proceed *in forma pauperis*, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations." *Bey v. Kelly*, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021).  Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).  A showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the "necessities of life" if required to pay the costs of the lawsuit. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiffs Terrez M. Young and Helen J. Young submitted separate affidavits of financial status stating they are without means to pay the $405 filing fee.  Docs. [2], [3].  Terrez indicates he has been at his place of employment since January of 2016 and earns $4000 a month in gross income.  He also has $1000 in his checking account.  He notes that he does not have any rent or mortgage obligations and leaves the section to describe his debt and expenses blank.  Helen states that she receives $1,888 a month in retirement benefits and has $500 in her checking account.  Similar to Terrez, she expressly indicates that she does not have any rent or mortgage obligations and leaves the remaining section to describe any debts or expenses blank.

From the information Plaintiffs provided, they do not meet the economic requirements for *in forma pauperis* status as they would not become destitute or forced to give up the necessities of life if required to pay the $405 filing fee.  *See e.g.*, *Andrews*, 2005 WL 2403449, at *1 (denying *in forma pauperis* status to plaintiff who reported a net income of $1,934.00 per month and $200.00 of available cash funds); *Finley v. Comm'r of Soc. Sec.*, 2021 WL 2333348, at *1 (E.D.N.Y. June 8, 2021) (denying *in forma pauperis* status to plaintiff who reported $10,000 in cash despite having expenses exceeding his monthly income).  The financial statements indicate that Plaintiffs earn a combined monthly income of $5,888 a month, and their expenses do not outweigh their income and available funds.  The applicants are not so impoverished as to qualify under § 1915.  Therefore, their Applications to Proceed in District Court Without Prepaying Fees or Costs are denied.  If Plaintiffs wish to proceed with this action, they must pay the filing fee within thirty (30) days from the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs, Docs. [2], [3], are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall pay the statutory filing fee of $405 within **thirty (30) days** of the date of this Order.  Failure to timely pay the $405 filing fee will result in the dismissal of this case, without prejudice and without further notice.

Dated this 25th day of April, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2